UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ZHEJIANG JINHUA JINLI MUSHROOM
CO., LTD., a company of limited liability
incorporated and existing under the laws of
the People's Republic of China,

                       Plaintiff,

                 - against -

XIN AO INTERNATIONAL GROUP
CORP., a New York corporation,

                       Defendant.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

21-cv-4234 (BMC)

**COGAN**, District Judge.

This is an action to recover damages for several unpaid wholesale mushroom purchases. Jurisdiction is predicated on the Perishable Agricultural Commodities Act of 1930 (PACA), 7 U.S.C. § 499e(b)(2), as plaintiff has asserted a claim under 7 U.S.C. § 499b(4),[1] and supplemental jurisdiction under 28 U.S.C. § 1367, as to a state law claim. The case is before me on plaintiff's motion for a default judgment, which is granted to the extent set forth below.

## BACKGROUND

The complaint and declaration exhibiting the invoices show that between December 16, 2017, and January 27, 2018, plaintiff agreed to make seven shipments of mushrooms to defendant in New York for the total amount of $ 280,323.10. Prior to the first shipment, the

---

[1] "It shall be unlawful . . . [f]or any commission merchant, dealer, or broker . . . to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had . . . ." 7 U.S.C. § 499b(4).

parties had orally agreed to terms of 21 days' net from delivery. Each shipment was in excess of a ton. The invoices reflect the following shipping and delivery dates:

| Zhejiang Invoice | Approximate Shipment Date | Approximate Delivery Date | Invoice Amount |
|---|---|---|---|
| JLXA2017006 | 12/16/2017 | 1/15/2018 | $ 28,550.00 |
| JLXA2017006A | 12/16/2017 | 1/15/2018 | $ 26,000.00 |
| JLXA2017007 | 12/23/2017 | 1/22/2018 | $ 29,830.00 |
| JLXA2017007A | 12/23/2017 | 1/22/2018 | $ 26,000.00 |
| JLXA2017008 | 12/30/2017 | 1/29/2018 | $ 13,843.00 |
| JLXA2017008A | 12/30/2017 | 1/29/2018 | $ 9,000.00 |
| JLXA2017008B | 12/30/2017 | 1/29/2018 | $ 27,000.00 |
| JLXA2017009 | 1/5/2018 | 2/4/2018 | $ 12,326.00 |
| JLXA2017009A | 1/5/2018 | 2/4/2018 | $ 9,000.00 |
| JLXA2017009B | 1/5/2018 | 2/4/2018 | $ 38,500.00 |
| JLXA2017010 | 1/13/2018 | 2/12/2018 | $ 14,836.16 |
| JLXA2017010A | 1/13/2018 | 2/12/2018 | $ 5,460.00 |
| JLXA2017011 | 1/20/2018 | 2/19/2018 | $ 11,859.63 |
| JLXA2017011A | 1/20/2018 | 2/19/2018 | $ 9,600.00 |
| JLXA2017012 | 1/27/2018 | 2/26/2018 | $ 8,918.45 |
| JLXA2017012A | 1/27/2018 | 2/26/2018 | $ 9,600.00 |

Although it (or its customers) received delivery of each shipment, defendant never paid anything. Additionally, defendant did not object to any of the invoices or raise any disagreement about their terms. Defendant also accepted the shipments without objection.

    Plaintiff effected service of the summons and complaint on defendant by serving its statutory agent, the New York Secretary of State, on August 26, 2021. Defendant failed to appear in this action, and the Clerk of Court entered its default pursuant to Fed. R. Civ. P. 55(a) on September 22, 2021. Plaintiff moved for a default judgment under Rule 55(b) about a month later and defendant still failed to appear.

## DISCUSSION

    It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See, e.g., Greyhound Exhibitgroup, Inc.

v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well settled that on a motion for a default judgment, the default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on the plaintiff to establish, by a reasonable certainty, an entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, 973 F.2d at 158. To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely upon the affidavits and other documentary evidence provided by the plaintiff, obviating the need for a hearing on damages, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citing Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

There is no need for an inquest here. Plaintiff's declaration, from its Chief Executive Officer in the People's Republic of China, constitutes adequate proof of its damages in the amount of $ 280,323.10. There is no point in having a representative appear in court to reiterate the contents of the invoices.

The only other element of damages that plaintiff seeks is prejudgment interest on the past due amount. As plaintiff properly notes, because the invoices do not speak to prejudgment interest, the Court has discretion both as to whether interest should be awarded and, if so, at what rate. See Rhodes v. Davis, 628 F. App'x 787, 793 (2d Cir. 2015). Plaintiff proposes the rate of 9% provided for in N.Y. C.P.L.R. § 5004.

The Court declines to award prejudgment interest. There are two reasons why courts grant prejudgment interest awards in PACA cases: first, the produce seller's invoices expressly

call for prejudgment interest pursuant to a PACA trust, see e.g. E. Armata, LLC v. Brachs Five Towns, LLC, No. 16-cv-2894, 2016 WL 11281384, at *7 (S.D.N.Y. Nov. 23, 2016); or second, the produce seller invokes its right to form a retroactive PACA trust, see Lincoln Diversified, Inc. v. Mangos Plus, Inc., No. 98-cv-5593, 2000 WL 890198, at *2–3 (S.D.N.Y. July 5, 2000). Plaintiff has not pointed me to any language in the invoices showing the establishment of a PACA trust. This means plaintiff must try to enforce a retroactive PACA trust. To do this, the plaintiff must notify the defendant of the trust in writing within 30 days after the expected payment failed to materialize. Id. Plaintiff has not directed me to any language showing it provided this notice to defendant.

In addition, I am disinclined to award discretionary interest since the payment for the last shipment was due in March 2018. Plaintiff has not explained why it made no effort to collect receivables that accrued for nearly four years, and now should recover interest that has been accruing silently throughout the period.

The motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $280,323.10.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
      November 18, 2021